UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

____

DEWEY PLUMB,

        Plaintiff,

v.

UNKNOWN COLLIER,

        Defendant.
_____/

Case No. 1:24-cv-664

Honorable Ray Kent

## ORDER TO FILE AMENDED COMPLAINT

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The events about which Plaintiff complains occurred at the Bellamy Creek Correctional Facility in Ionia, Ionia County, Michigan. Plaintiff sues Correctional Officer Unknown Collier. (Compl., ECF No. 1, PageID.2.)

In Plaintiff's complaint, he states:

> I was in a[n] altercation and the C/Os did not say stop fighting or get down or taser taser taser like they should have. [H]e stood 4 or 5 feet away from me and pointed it at my face and he shot me direct in the face and when they was taking me to the hole they were laughing at me and about what happened to me and I lost my eyesight in my right eye for 6 to 8 months and I still have a blur spot in the middle of my eyesight and it causes me to have constant migraines all the time. I have been to Ann Arbor twice for my eye. I wore a[n] eye patch and it's on my OTIS picture and my prison ID card and every time I put in grievances they throw them away so I couldn't exhaust my state remedies and they put me back in the same unit with the C/O [who] shot me in the face and they all laughed and made fun of me for months after.

(*Id.*, PageID.3 (punctuation and spelling corrected).) Plaintiff presents no additional facts in his complaint.

It is a basic pleading essential that a plaintiff attribute factual allegations to a particular defendant or defendants. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–61 (2007) (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights).

Here, Plaintiff fails to name Defendant Collier in the body of his complaint. (*See* Compl., ECF No. 1, PageID.3.) Additionally, Plaintiff does not indicate the date, or dates, on which the events at issue in the complaint occurred, and the Court, therefore, is unable to determine whether Plaintiff's complaint is timely.

Nevertheless, the Court will grant *pro se* Plaintiff leave to file an amended complaint to correct the noted deficiencies. The Court directs the Clerk to send Plaintiff a copy of the form complaint under 42 U.S.C. § 1983 for a civil action by a person in state custody. Plaintiff shall submit an amended complaint by filing his amended complaint on the requisite form within twenty-one (21) days from the date of entry of this Order.

The amended complaint will take the place of the original complaint, so it must include all Defendant(s) that Plaintiff intends to sue and all of the claims that Plaintiff intends to raise. Plaintiff must allege, in chronological order, what each Defendant did or did not do on each date.

Additionally, the case number shown above must appear on the front page of the amended complaint.

If Plaintiff fails to submit an amended complaint that complies with this Order, the Court may dismiss this action without prejudice. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

Dated:   July 15, 2024                           /s/ Ray Kent
                                                 Ray Kent
                                                 United States Magistrate Judge