UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DEWEY PLUMB,

           Plaintiff,           Case No. 1:24-cv-664

v.                                        Honorable Paul L. Maloney

UNKNOWN COLLIER et al.,

           Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court will grant Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's amended complaint[1] for failure to state a claim against Defendants Unknown Party #1, named as the Warden; Correctional Officer Unknown Bagley; Unknown Part(y)(ies) #1, named as the

---

[1] By order entered on July 15, 2024, the Court provided *pro se* Plaintiff with an opportunity to file an amended complaint to correct several deficiencies of the original complaint. (ECF No. 5.) In response, Plaintiff filed an amended complaint (ECF No. 6), which is now the operative complaint in this action.

"complete medical department"/"medical staff" at the Bellamy Creek Correctional Facility (IBC); and Unknown Party #2, named as the Assistant Deputy Warden/Security (ADW). The Court will also dismiss, for failure to state a claim, Plaintiff's Eighth Amendment verbal harassment claims against remaining Defendant Collier. Plaintiff's Eighth Amendment excessive force claim against Defendant Collier will remain in the case. Plaintiff's motion to appoint counsel (ECF No. 8) will be denied.

## Discussion

### I.     Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Oaks Correctional Facility (ECF) in Manistee, Manistee County, Michigan. The events about which he complains occurred at IBC in Ionia, Ionia County, Michigan. Plaintiff sues the following IBC staff: Correctional Officer Unknown Collier; Unknown Party #1, named as the Warden; Correctional Officer Unknown Bagley; Unknown Part(y)(ies) #1, named as the "complete medical department"/"medical staff" at IBC (IBC Medical Staff); and Unknown Party #2, named as the ADW. (Am. Compl., ECF No. 6, PageID.16, 17.)

In Plaintiff's amended complaint, he alleges that on December 11, 2022, he "was in a[n] altercation with another inmate."[2] (*Id.*) Plaintiff contends that "[Defendant] Collier did not say get down or stop fighting or taser taser taser like he should have," and Collier "stood 4 or 5 feet away from [Plaintiff] and pointed [the taser] at [Plaintiff's] face and shot [Plaintiff] direct in the face." (*Id.*) Thereafter, while Plaintiff was being transported to segregation, Defendant Bagley "stepped on the taser cord that was dangling off [of Plaintiff's] face and they were laughing at [Plaintiff]." (*Id.*)

---

[2] In this opinion, the Court corrects the spelling in quotations from Plaintiff's amended complaint.

Subsequently, "medical ripped the taser prongs out of [Plaintiff's] face," and Plaintiff "lost [his] eyesight in [his] right eye for 6 to 8 months and [he] still ha[s] a . . . blur spot that stays in the middle of [his] eyesight and it causes [him] to have constant migraines all the time." (*Id.*) "[I]t [also] started to affect [Plaintiff's] hearing and now [he] ha[s] to wear hearing aids." (*Id.*)

"[E]very time [Plaintiff] put[s] in grievances they throw them away." (*Id.*) Additionally, "they put [Plaintiff] back in the same unit with [Defendant] Collier," and Collier and other unnamed correctional officers "laughed and made fun of [Plaintiff] for months after [the incident]." (*Id.*) Plaintiff contends that the Warden and ADW "should have made sure all of the [correctional officers] were trained good [sic] with their taser before they were able to carry them." (*Id.*)

Based on the foregoing allegations, Plaintiff avers that Defendants violated his rights under the Eighth Amendment. (*Id.*, PageID.19.) As relief, Plaintiff seeks monetary damages. (*Id.*)

## II.     Motion to Appoint Counsel

Plaintiff filed a motion requesting the appointment of counsel. (ECF No. 8.) Indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993). The Court may, however, request an attorney to serve as counsel, in the Court's discretion. *Abdur-Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604–05; *see Mallard v. U.S. Dist. Ct.*, 490 U.S. 296 (1989).

Appointment of counsel is a privilege that is justified only in exceptional circumstances. In determining whether to exercise its discretion, the Court should consider the complexity of the issues, the procedural posture of the case, and Plaintiff's apparent ability to prosecute the action without the help of counsel. *See Lavado*, 992 F.2d at 606. The Court has carefully considered these factors and has determined that, at this time, the assistance of counsel is not necessary to the proper

3

presentation of Plaintiff's position. Plaintiff's motion to appoint counsel (ECF No. 8) therefore will be denied.

### III. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating

4

federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). In this action, Plaintiff alleges that Defendants violated his rights under the Eighth Amendment.

### A.     **Defendants Warden and ADW**

Plaintiff alleges that Defendants Warden and ADW "should have made sure all of the [correctional officers] were trained good [sic] with their taser before they were able to carry them." (Am. Compl., ECF No. 6, PageID.18.) Plaintiff presents no additional allegations against these Defendants.

Although Plaintiff contends in a conclusory manner that Defendants Warden and ADW "should have made sure all of the [correctional officers] were trained good [sic] with their taser," Plaintiff fails to allege any facts showing how these Defendants were personally involved in the alleged violations of his constitutional rights. *See Iqbal*, 556 U.S. at 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *see also Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights).

Instead, Plaintiff seeks to hold Defendants Warden and ADW liable due to their supervisory positions. However, government officials, such as Defendants Warden and ADW, may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The

5

acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

The United States Court of Appeals for the Sixth Circuit repeatedly has summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee*, 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995)); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993).

Here, Plaintiff fails to allege any *facts* showing that Defendants Warden and ADW encouraged or condoned the conduct of their subordinates, or authorized, approved, or knowingly acquiesced in their conduct. Plaintiff alleges in a conclusory manner that Defendants Warden and ADW failed to adequately train and supervise their subordinates (*see* Am. Compl., ECF No. 6, PageID.18); however, Plaintiff's conclusory allegations of supervisory responsibility are insufficient to show that these Defendants were personally involved in the alleged violations of Plaintiff's constitutional rights.

Therefore, for the reasons set forth above, Plaintiff's claims against Defendants Warden and ADW will be dismissed.

### B. Defendant IBC Medical Staff

Plaintiff names the entire IBC Medical Staff as a Defendant. (Am. Compl., ECF No. 6, PageID.17.)

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 555–61 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Any "[s]ummary reference to a single, five-headed 'Defendants' [or staff] does not support a reasonable inference that *each* Defendant is liable . . . ." *Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019) (citation omitted) ("This Court has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." (citation omitted)). Therefore, Plaintiff's claims against Defendant IBC Medical Staff fall far short of the minimal pleading standards under Rule 8 of the Federal Rules of Civil Procedure and are subject to dismissal. Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

Accordingly, Plaintiff's claims against Defendant IBC Medical Staff will be dismissed.

### C. Non-Parties Identified as "They" in the Amended Complaint

Plaintiff alleges that "every time [he] put[s] in grievances they throw them away." (Am. Compl., ECF No. 6, PageID.18.) Plaintiff also alleges that after the December 11, 2022, incident, "they put [Plaintiff] back in the same unit with [Defendant] Collier." (*Id.*)

Federal Rule of Civil Procedure 10(a) requires that a plaintiff "name all of the parties" in "[t]he title of the complaint." Fed. R. Civ. P. 10(a). Further, this Court has previously concluded that "[o]nly those individuals and entities identified in the caption of the complaint are properly considered defendants in an action, regardless of the complaint's other contents or allegations."

7

*Jones v. Smith*, No. 1:10-cv-568, 2012 WL 726665, at *1 (W.D. Mich. Feb. 1, 2012), *R & R adopted*, 2012 WL 726621 (W.D. Mich. Mar. 6, 2012); *see also Brown v. Mich. Dep't of Corr.*, No. 1:22-cv-16, 2022 WL 2900888, at *1 n.2 (W.D. Mich. Jul. 22, 2022) (concluding that corrections officers identified as defendants in a particular count of the complaint, but not named in the caption or in the form complaint "list of parties" were not parties to the action). And, as discussed above, "[s]ummary reference to a single, five-headed 'Defendants' [or they] does not support a reasonable inference that *each* Defendant is liable . . . ." *Boxill*, 935 F.3d at 518 (citation omitted).

Accordingly, any intended claims against non-parties identified as "they" will be dismissed for failure to state a claim upon which relief may be granted.

### D.  Defendants Collier and Bagley

#### 1.  Excessive Force Claims

The Court construes Plaintiff's amended complaint to raise Eighth Amendment excessive force claims against Defendants Collier and Bagley. (*See* Am. Compl., ECF No. 6, PageID.18.)

As relevant to excessive force claims, the Eighth Amendment prohibits conditions of confinement which, although not physically barbarous, "involve the unnecessary and wanton infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (quoting *Gregg v. Georgia*, 428 U.S. 153, 183 (1976)). Among unnecessary and wanton inflictions of pain are those that are "totally without penological justification." *Id.* However, not every shove or restraint gives rise to a constitutional violation. *Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986); *see also Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "On occasion, '[t]he maintenance of prison security and discipline may require that inmates be subjected to physical contact actionable as assault under common law.'" *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014) (quoting *Combs v. Wilkinson*, 315 F.3d 548, 556 (6th Cir. 2002)). Prison officials nonetheless violate the Eighth

8

Amendment when their "offending conduct reflects an unnecessary and wanton infliction of pain." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Pelfrey v. Chambers*, 43 F.3d 1034, 1037 (6th Cir. 1995)); *Bailey v. Golladay*, 421 F. App'x 579, 582 (6th Cir. 2011).

There is an objective component and a subjective component to this type of Eighth Amendment claim. *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) (citing *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001)). First, "[t]he subjective component focuses on the state of mind of the prison officials." *Williams*, 631 F.3d at 383. Courts ask "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. Second, "[t]he objective component requires the pain inflicted to be 'sufficiently serious.'" *Williams*, 631 F.3d at 383 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Hudson*, 503 U.S. at 9–10 (quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986)). The objective component requires a "contextual" investigation that is "responsive to 'contemporary standards of decency.'" *Id.* at 8 (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). Although the extent of a prisoner's injury may help determine the amount of force used by the prison official, it is not dispositive of whether an Eighth Amendment violation has occurred. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . [w]hether or not significant injury is evident." *Hudson*, 503 U.S. at 9.

Here, Plaintiff alleges that on December 11, 2022, he "was in a[n] altercation with another inmate." (Am. Compl., ECF No. 6, PageID.18.) Plaintiff asserts that "[Defendant] Collier did not

say get down or stop fighting or taser taser taser like he should have," and Collier "stood 4 or 5 feet away from [Plaintiff] and pointed [the taser] at [Plaintiff's] face and shot [Plaintiff] direct in the face." (*Id.*) Further, Plaintiff asserts that while he was being transported to segregation, Defendant Bagley "stepped on the taser cord that was dangling off [of Plaintiff's] face and they were laughing at [Plaintiff]." (*Id.*)

At this stage of the proceedings, the Court must take Plaintiff's factual allegations as true and in the light most favorable to him. With respect to Defendant Bagley, Plaintiff fails to allege sufficient facts to suggest that Bagley used excessive force against Plaintiff. Specifically, Plaintiff contends that Defendant Bagley "stepped on the taser cord that was dangling off [of Plaintiff's] face" while Plaintiff was being transported to segregation (*Id.*); but, even assuming that stepping on this cord constituted a use of force, Plaintiff alleges no facts to indicate whether Bagley did this "maliciously and sadistically" to cause harm or whether this occurred accidentally during the transport process. *Hudson*, 503 U.S. at 9. Instead, Plaintiff appears to ask the Court to fabricate plausibility to his claim from mere ambiguity; however, ambiguity does not support a claim. Therefore, Plaintiff's Eighth Amendment excessive force claim against Defendant Bagley will be dismissed.

With respect to Defendant Collier, although Plaintiff's allegations lack some specificity as to the events leading to Collier's deployment of the taser, the Court will not dismiss Plaintiff's Eighth Amendment excessive force claim against Defendant Collier on initial review.

2. **Verbal Harassment Claims**

The Court also construes Plaintiff's amended complaint to raise Eighth Amendment claims regarding verbal harassment. (*See* Am. Compl., ECF No. 6, PageID.18.) Specifically, Plaintiff alleges that while he was being transported to segregation following the incident on December 11, 2022, and after Defendant Bagley "stepped on the taser cord that was dangling off [of Plaintiff's]

10

face," "they were laughing at [Plaintiff]." (*Id.*) Plaintiff also alleges that Defendant Collier and other unnamed correctional officers "laughed and made fun of [Plaintiff] for months after [the incident]." (*Id.*)

The Court does not minimize Plaintiff's experience; however, although unprofessional, allegations of verbal harassment or taunts by prison officials toward an inmate do not constitute punishment within the meaning of the Eighth Amendment. *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) (per curiam). Allegations of verbal harassment also do not rise to the level of unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *See id.*; *see Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (holding that harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits).

Accordingly, Plaintiff fails to state an Eighth Amendment claim premised on verbal harassment.

## **Conclusion**

The Court will grant Plaintiff leave to proceed *in forma pauperis* (ECF No. 2), and the Court will deny Plaintiff's motion to appoint counsel (ECF No. 8). Further, having conducted the review required by the PLRA, the Court determines that Defendants Unknown Party #1, named as the Warden, Correctional Officer Unknown Bagley, Unknown Part(y)(ies) #1, named as the IBC Medical Staff, and Unknown Party #2, named as the ADW, will be dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also dismiss, for failure to state a claim, Plaintiff's Eighth Amendment verbal harassment claims

against remaining Defendant Collier. Plaintiff's Eighth Amendment excessive force claim against Defendant Collier will remain in the case.

    An order consistent with this opinion will be entered.

Dated:  <u>August 23, 2024</u>              <u>/s/ Paul L. Maloney</u>
                                                        Paul L. Maloney
                                                        United States District Judge