UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DEWEY PLUMB,<br>   Plaintiff,<br><br>v.<br><br>UNKNOWN COLLIER, *et al.*,<br>   Defendants. | No. 1:24-cv-664<br><br>Honorable Paul L. Maloney |

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the court on Defendant's motion for summary judgment. (ECF No. 21). Plaintiff filed a response in opposition. (ECF No. 25). Judge Kent issued a report and recommendation ("R&R"). (ECF No. 33). Plaintiff filed an objection to the report and recommendation. (ECF No. 34). The court will adopt the report and recommendation over Plaintiff's objection.

### I.

This is a *pro se* civil rights action brought by Plaintiff Dewey Plumb, a prisoner in the custody of the Michigan Department of Corrections ("MDOC"). The incident occurred at the MDOC's Bellamy Creek Correctional Facility ("IBC"). All that remains is Plaintiff's Eighth Amendment excessive force claim against Corrections Officer ("CO") Trevor Collier. (ECF No. 12 at PageID.42-43). The court previously summarized Plaintiff's complaint:

> In Plaintiff's amended complaint, he alleges that on December 11, 2022, he "was in a[n] altercation with another inmate." (*Id.*) Plaintiff contends that "[Defendant] Collier did not say get down or stop fighting or taser taser taser like he should have," and Collier "stood 4 or 5 feet away from [Plaintiff] and pointed [the taser] at [Plaintiff's] face and shot [Plaintiff] direct in the face." (*Id.*) Thereafter, while Plaintiff was being transported to segregation,

1

>   Defendant Bagley "stepped on the taser cord that was dangling off [of Plaintiff's] face and they were laughing at [Plaintiff]." (*Id.*)
>
>   Subsequently, "medical ripped the taser prongs out of [Plaintiff's] face," and Plaintiff "lost [his] eyesight in [his] right eye for 6 to 8 months and [he] still ha[s] a . . . blur spot that stays in the middle of [his] eyesight and it causes [him] to have constant migraines all the time." (*Id.*) "[I]t [also] started to affect [Plaintiff's] hearing and now [he] ha[s] to wear hearing aids." (*Id.*)
>
>   "[E]very time [Plaintiff] put[s] in grievances they throw them away." (*Id.*) Additionally, "they put [Plaintiff] back in the same unit with [Defendant] Collier," and Collier and other unnamed correctional officers "laughed and made fun of [Plaintiff] for months after [the incident]." (*Id.*) Plaintiff contends that the Warden and ADW "should have made sure all of the [correctional officers] were trained good [sic] with their taser before they were able to carry them." (*Id.*)
>
>   Based on the foregoing allegations, Plaintiff avers that Defendants violated his rights under the Eighth Amendment. (*Id.*, PageID.19.) As relief, Plaintiff seeks monetary damages. (*Id.*)

(ECF No. 12 at PageID.33-34 (footnote omitted).

The R&R summarized these same facts and recited the proper summary judgment standard. (ECF No. 33 at PageID.141-42). After its analysis, the R&R recommends that Defendant CO Collier's motion for summary judgment on the basis of exhaustion be granted and that this action be dismissed. In particular, the R&R concluded that "Plaintiff did not provide any evidence to support this claim that he was prevented from filing or exhausting grievances." (ECF No. 33 at PageID.144). The R&R also explained how the record indicates that Plaintiff did not appeal the grievance to Step III:

>   In his reply, CO Collier points out that plaintiff filed a grievance at IBC but did not exhaust the grievance through Step III. This grievance, IBC-23-01-0100-28E ("100"), listed the incident date of December 11, 2022, and referred to CO Collier deploying a taser on that date. Grievance 100 (ECF No. 26-1, PageID.116). The grievance, which was not received until January 12, 2023, was rejected at Step I as untimely. PageID.117. In addition, the grievance was

2

> denied at Step I, which indicates that the MDOC addressed the merits of the grievance. *Id.* Plaintiff appealed the rejection and denial to Step II where it was denied on January 30, 2023. PageID.114-115. However, plaintiff did not appeal the grievance to Step III. PageID.114. *See* PD 03.02.130 ¶ HH (stating in part that, "A grievant may file a Step III grievance if s/he is dissatisfied with the Step II response or does not receive a timely response.").

(ECF No. 33 at PageID.144).

## II.

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). An "objection does not oblige the district court to ignore the report and recommendation." *Fharmacy Recs. v. Nassar*, 465 F. App'x 448, 456 (6th Cir. 2012). Our Local Rules require any party objecting to a report and recommendation to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (holding that "objections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error" are too general).

## III.

Plaintiff raises one objection to the R&R. Plaintiff says that Defendant produced proof that Defendant's coworker violated Plaintiff's due process rights and prevented Plaintiff from exhausting his administrative remedies. Plaintiff asks this court to review his grievance form. (ECF No. 26-1 at PageID.114). Plaintiff shows that "date returned to grievant" box is blank, which shows that the MDOC official failed to abide by the relevant procedures.

Plaintiff's objection is frivolous. A review of the grievance shows that Plaintiff did not appeal to Step III. It is true that the "date returned to grievant" box is blank. *Id.* But that is because Plaintiff improperly used the Step II response portion to describe the reasons for his appeal and then identified himself as the Respondent and signed as the Respondent. *Id.* Right under that portion, the proper Step II Respondent entered the correct name, which was signed and dated. *Id.* The R&R did not err.

**IT IS HEREBY ORDERED** that the report and recommendation (ECF No. 33) is **ADOPTED** by the court.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (ECF No. 21) is **GRANTED.** This action is **DISMISSED.**

**IT IS FURTHER ORDERED** that Plaintiff's objection to the report and recommendation (ECF No. 34) is **DENIED.**

**IT IS SO ORDERED.**

Date:  August 6, 2025                                              /s/ Paul L. Maloney
                                                                   Paul L. Maloney
                                                                   United States District Judge

4